# United States Court of Appeals
# for the Federal Circuit

---

**ENZO BIOCHEM, INC., ENZO LIFE SCIENCES, INC.,**
**AND YALE UNIVERSITY,**
*Plaintiffs-Appellants,*

**v.**

**APPLERA CORP. AND TROPIX, INC.,**
*Defendants-Appellees.*

---

2009-1281

---

Appeal from the United States District Court for the District of Connecticut in case no. 3:04-CV-929, Judge Janet Bond Arterton.

---

ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

Before MICHEL, *Chief Judge,* NEWMAN, MAYER, PLAGER,[*] LOURIE, RADER, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, *Circuit Judges.*

PER CURIAM.

---

[*] Judge Plager participated only in the decision on the petition for panel rehearing.

PLAGER, *Circuit Judge*, dissents from the denial of the petition for panel rehearing.

————————————

NICHOLAS GROOMBRIDGE, Weil, Gotshal & Manges LLP, of New York, New York, filed a combined petition for panel rehearing and rehearing en banc for defendants-appellees. With him on the petition was JENNIFER H. WU. Of counsel on the petition was KURTIS D. MACFERRIN, Life Technologies Corporation, of Foster City, California.

L. GENE SPEARS, Baker Botts L.L.P., of Houston, Texas, filed a response to the petition for plaintiffs-appellants. With him on the response was MICHAEL HAWES.

————————————

## O R D E R

Defendants-Appellees Applera Corp. and Tropix, Inc. filed a combined petition for panel rehearing and rehearing en banc. The panel requested a response from Plaintiffs-Appellants Enzo Biochem, Inc., Enzo Life Sciences, Inc., and Yale University. The court granted Defendants-Appellees leave to file a reply. The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, the response to the petition, and reply were referred to the circuit judges who are in regular active service.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Defendants-Appellees for panel rehearing is denied.

(2) The petition of Defendants-Appellees for rehearing en banc is denied.

(3) The mandate of the court will issue on June 2, 2010.

FOR THE COURT

May 26, 2010                         /s/ Jan Horbaly
Date                                 Jan Horbaly
                                     Clerk

cc:  L. Gene Spears, Esq.
     Nicholas Groombridge, Esq.

# United States Court of Appeals for the Federal Circuit

---

**ENZO BIOCHEM, INC., ENZO LIFE SCIENCES, INC.,**
**and YALE UNIVERSITY,**
*Plaintiffs-Appellants,*

**v.**

**APPLERA CORP. and TROPIX, INC.,**
*Defendants-Appellees.*

---

2009-1281

---

Appeal from the United States District Court for the District of Connecticut in Case No. 3:04-CV-929, Judge Janet Bond Arterton.

ON PETITION FOR PANEL REHEARING

PLAGER, *Circuit Judge*, dissenting from the denial of the petition for panel rehearing.

I respectfully dissent from the denial of the petition for panel rehearing on the question of indefiniteness. Despite the varying formulations that this court has used over the years in describing its "indefiniteness" jurisprudence to which the petitioner in this case points, the general conclusion from our law seems to be this: if a person of ordinary skill in the art can come up with a plausible meaning for a disputed claim term in a patent,

that term, and therefore the claim, is not indefinite.[1]  At least not so indefinite as to run afoul of the statutory requirement that claims shall "particularly point[ ] out and distinctly claim[ ] the subject matter which the applicant regards as his invention."  35 U.S.C. § 112, second paragraph.

The corollary derived from this understanding is that if several persons of ordinary skill come up with competing but plausible interpretations of a disputed term—as is typically the case with competing "expert witnesses" in patent infringement litigation—the problem is not one of an inherently ambiguous and potentially indefinite claim term, but rather the problem becomes simply one of picking the "right" interpretation for that term.[2]  Since picking the "right" interpretation—claim construction—is a matter of law over which this court rules, and since the view of the trial judge hearing the case is given little

---

[1]  *See, e.g.*, *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) ("Only claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite." (citing *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1353 (Fed. Cir. 2003); *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1338 (Fed. Cir. 2003); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001))).

[2]  Broad, to the point of inherently ambiguous, claim drafting is not just a matter of poor drafting skills on the part of some lawyers who prosecute patent applications. On the contrary, the art of broad claim drafting is a prized talent—clients are openly urged to use "broad patent protection both offensively to block competitors from the marketplace, and defensively to serve as a bargaining chip against potential patent infringement suits" and to "file patents to cover all aspects of the core technology . . . to create a 'picket fence' of protection." David J. Dykeman and Joanna T. Brougher, *File, Protect, Update, Defend*, Corporate Counsel, May 1, 2010, http://www.law.com/jsp/cc/PubArticleCC.jsp?id=12024476 71049.

weight, so that the trial judge's view on appeal becomes just a part of the cacophony before this court, it is not until three court of appeals judges randomly selected for that purpose pick the "right" interpretation that the public, not to mention the patentee and its competitors, know what the patent actually claims. The inefficiencies of this system, and its potential inequities, are well known in the trade.

The United States Patent and Trademark Office ("PTO"), by contrast, appears to be taking steps to give the statutory requirement real meaning. In 2008, the patent examining corps was given a five-page instruction on "Indefiniteness rejections under 35 U.S.C. 112, second paragraph."[3] The memo initially observes that "[t]he primary purpose of the definiteness requirement for claim language is to ensure that the scope of the claims is clear so that the public is informed of the boundaries of what constitutes infringement of the patent."[4] The memo reviews in detail a recent opinion of this court, following which the memo states the position of the PTO: "If the language of a claim, considered as a whole in light of the specification and given its broadest reasonable interpretation, is such that a person of ordinary skill in the relevant art would read it with more than one reasonable interpretation then a rejection of the claim under 35 U.S.C. 112, second paragraph, is appropriate."[5]

This memo was followed later in the year by a rare precedential opinion issued by the Board of Patent Ap-

---

[3]    Memorandum from John Love, Deputy Commissioner for Patent Examination Policy, to Technology Center Directors and Patent Examining Corps (Sept. 2, 2008), *available at* http://www.uspto.gov/web/patents/memoranda.htm.

[4]    *Id.* at 1.

[5]    *Id.* at 2.

peals and Interferences ("Board") in *Ex parte Miyazaki*.[6] The Board noted that this court has in post-issuance patent infringement cases held "that the definiteness requirement 'does not compel absolute clarity' and '[o]nly claims "not amenable to construction" or "insolubly ambiguous" are indefinite.'"[7] Recognizing that this court has never set forth a different standard of review for indefiniteness under 35 U.S.C. § 112, second paragraph, for pre-issuance pending claims as compared with post-issuance patent claims,[8] the Board concluded that the Federal Circuit's reading of the indefiniteness requirement was counter to the PTO's broader standard for claim construction during prosecution.[9] Accordingly, the Board announced that, "rather than requiring that the claims are insolubly ambiguous, we hold that if a claim is amenable to two or more plausible claim constructions, the USPTO is justified in requiring the applicant to more precisely define the metes and bounds of the claimed invention by holding the claim unpatentable under 35 U.S.C. § 112, second paragraph, as indefinite."[10]

The Board is clearly right in recognizing that the circumstances are different between pre-issuance and post-issuance application of the definiteness standard with regard to claim terms. At the same time, the PTO and the Board are clearly right in insisting that, if the public notice function of the patent law is to be honored, claim terms must particularly point out and distinctly claim the subject matter of the invention. In my view, this court's definiteness doctrine could go considerably further in promoting that objective than it currently does, with the

---

[6] No. 2007-3300, 2008 WL 5105055 (Bd. Pat. App. & Inter.) (Nov. 19, 2008).

[7] *Id.* at *4 (quoting *Datamize*, 417 F.3d at 1347).

[8] *Id.* at *6.

[9] *Id.* at *5.

[10] *Id.*

not inconsequential benefit of shifting the focus from litigation over claim construction to clarity in claim drafting.

To begin the discussion of how this court could move in that direction, I would grant the petition for panel rehearing. The court now spends a substantial amount of judicial resources trying to make sense of unclear, over-broad, and sometimes incoherent claim terms. It is time for us to move beyond sticking our fingers in the never-ending leaks in the dike that supposedly defines and figuratively surrounds a claimed invention. Instead, we might spend some time figuring out how to support the PTO in requiring that the walls surrounding the claimed invention be made of something other than quicksand.

I respectfully dissent from the loss of that opportunity through the panel's denial of rehearing.